16-00440

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JUSTIN KNOPP,<br><br>PLAINTIFF,<br><br>v.<br><br>WELLS FARGO BANK, N.A., BANK OF AMERICA, N.A., SELECT PORTFOLIO SERVICING, INC., CORE LOGIC, MERS/MERSCORP, VILLAGE OF ALSIP, ALSIP POLICE DEPARTMENT, LAW OFFICES OF IRA T. NEVEL, PIERCE AND ASSOCIATES, P.C.,<br><br>DEFENDANTS. | Case No. 16 CV 02330<br><br>Judge Ronald A. Guzman |

**REPLY IN SUPPORT OF THE MOTION OF PIERCE & ASSOCIATES, P.C.'S
MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

NOW COMES Defendant, Pierce & Associates, P.C., by and through its attorney, Pierce & Associates, P.C., and for its reply in support of its Motion to Dismiss Plaintiff's Complaint:

**ARGUMENT**

Plaintiff, *pro se*, implores for the Court to provide him every leeway and latitude to present his complaint. The response does not rehabilitate the complaint's failure to state a plausible cause of action or establish that his claims against Pierce could ever be viable. Plaintiff's response to the motion to dismiss fails to clarify what causes of action are asserted against Pierce and how such causes of action are not ripe for dismissal.

**I.     Dismissal of claims pursuant to Rule 12(b)(6) as time-barred.**

A motion brought pursuant to Rule 12(b)(6) asserts the failure of the pleader to state a claim upon which relief can be granted. *Cannon v. Loyola University of Chicago*, 787 F.2d 777,

780.  A litigant can plead himself out of court by alleging facts that show his complaint is time-barred.  *Foryoh v. Hannah-Porter*, 428 F.Supp.2d 816, 819 (N.D.Ill. 2006).

A.	**Causes of Action relating to injuries from 2009.**

Plaintiff does not dispute that the applicable two year statute of limitations for actions brought under §§ 1983 and 1985, which is adopted from the Illinois statute of limitations for personal injury claims.  *Wolf v. City of Chicago Heights*, 828 F.Supp. 520, 522 (N.D.Ill. 1993).  Nor does Plaintiff dispute the statute of limitations for actions brought under § 1986 is one year.  42 U.S.C. § 1986 (West 2015).

Plaintiff does not refute that a cause of action accrues, and the limitations period begins to run, when the injured person possesses sufficient information concerning his injury and its cause to put a reasonable person on inquiry to determine whether actionable conduct is involved.  *Blankenship v. Pushpin Holdings, LLC*, 14 C 6636, 2016 WL 212933, at *3 (N.D. Ill. Jan. 19, 2016) citing *In re marchFIRST Inc.,* 589 F.3d 901, 904 (7th Cir.2009).

Plaintiff contends he was not on record notice until August 2015 when he purchased the court records.  A copy of the Response is filed separately (Docket #41) but is incorporated herein as **Exhibit A**, page 5, 6.  Plaintiff mistakes the date he reviewed the recorded documents with the date he was placed on record notice.  Plaintiff does not explain how his failure to review documents from a 2011 chancery case, which were of record, constitutes a basis to extend the statute(s) of limitation.  No legal support for this position is offered by Plaintiff.  As for the belief that he would not have known the loan was 'allegedly' unenforceable, that claim is related to the 2015 chancery action, and is barred by *Colorado River* Doctrine, as discussed below.

Wherefore, Defendant requests that this Court dismiss Plaintiff's Complaint pursuant to Federal Rules of Civil Procedure 12(b)(6).

B. **Fair Debt Collections Practices Act claim (FDCPA).**

Plaintiff's response argues that Pierce filed a foreclosure action in March 2015, which is one year within the statute of limitations of an FDCPA claim. Exhibit A, Page 7. Plaintiff's response does not cite to any of the allegations of the complaint, nor does it explain how the filing of a foreclosure action constitutes a threat of use of violence. Exhibit A, Pages 7 – 8. Instead, Plaintiff concludes because a complaint was filed within one year, his cause of action must survive. The response does not identify any action by Pierce which constituted a threat of use of violence or other criminal means to harm Plaintiff. Therefore, the claim against Pierce must be dismissed.

II. **Claims subject to dismissal for failure to state a cause of action.**

When reviewing a motion to dismiss pursuant to Rule 12(b)(6), the Court accepts all well-pled factual allegations in the plaintiff's complaint as true and draws all reasonable inferences in the plaintiff's favor. *Gustafson v. Adkins,* 803 F.3d 883, 888 (7th Cir.2015). To survive a motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678, (2009) (quoting *Bell. Atl. Corp. v. Twombly,* 550 U.S. 544, 555, (2007)).

A. **Violation of right to Due Process and Equal Protection**

As stated previously, Rule 12(b)(6) allows for dismissal for failure of the pleader to state a claim upon which relief can be granted. *Cannon v. Loyola University of Chicago*, 787 F.2d 777, 780. Claims alleging violations of due process rights and equal protection of the law do not apply to the actions of private persons or entities. *Rendell-Baker v. Kohn*, 457 U.S. 830, 837 (1982). A private party will be held to be a state actor where the State directs, controls or encourages the private party to take a particular action. *Wade v. Byles*, 83 F.3d 902, 905 (7th Cir. 1996).

Plaintiffs' claims for violations of Right to Due Process and Equal Protection must be dismissed because these claims are not properly directed to private entities such as Pierce. Pierce, is not the state or a state actor. Plaintiff has not alleged facts establishing that Pierce is or was state actor. Instead, Plaintiff concludes that Pierce, by virtue of being comprised of attorneys licensed to practice law, it is acting under the color law. There are no facts that show that Pierce was directed, controlled or encouraged by the State. Since Pierce is a private entity and because there is no allegation that Pierce was directed, controlled or encouraged by the State to take any particular action, Pierce is not a state actor and the claims asserting violations of due process and equal protection must be dismissed.

### B. Truth in Lending Act

Plaintiff does not respond to the argument that Pierce is not a creditor under the Truth in Lending Act (TILA). The response argues that Pierce was obligated to ascertain whether its clients were in full compliance with the law, but offers no support for this supposition. This argument does not rehabilitate the allegations of the complaint. The TILA claim against Pierce cannot survive because Pierce's actions are that of an attorney. Exhibit A. There is no allegation that Pierce extended credit to Plaintiff or that it was the original payee on the loan. As Pierce is not a creditor, Plaintiff's claim against Pierce stemming from violations of TILA must be dismissed with prejudice to Rule 12(b)(6).

### C. Qualified Written Response

Plaintiff does not identify how Pierce, which is not a servicer of federally related mortgage loans, is liable to provide a qualified written request. Plaintiff asks that the Court ignore this because Pierce represents the creditor, but offers no authority to sustain this proposition.

Pierce is not a servicer under RESPA because it does not service loans. Therefore, Plaintiff's claim against Pierce stemming from violations of RESPA must be dismissed with prejudice to Rule 12(b)(6).

**D. FDCPA**

Plaintiff's response argues that Pierce should be liable for an FDCPA violation because it was somehow obligated to make sure its client "was within compliance with Federal Law." Exhibit A, Page 13. Plaintiff's response does not cite to any of the allegations of the complaint, nor does it explain how Pierce was obligated to ensure compliance with Federal Law under the FDCPA. This argument does not show the existence of a claim against Pierce for an alleged violation of the FDCPA. Exhibit A. As the complaint does not sustain a violation of the FDCPA, the FDCPA claim must be dismissed.

**E. Criminal Claims under Title 18**

Plaintiff argues that he "in no way seeks a 'private right of action', but rather begs the Court … [find Defendants] liable to Plaintiff under Federal Laws." Exhibit A, Page 14. In that Plaintiff does not argue that he is asserting a private right of action, his response fails to negate the argument he lacks standing to assert a private right of action under the cited sections of Title 18.

As Plaintiff cannot invoke a private right of action under the Title 18, the Complaint must be dismissed with prejudice to Rule 12(b)(6).

**F. False Claims Act**

Plaintiff's response urges that the Court ignore his failure to plead a private right of action and asks the Court to find that it has the power to find his action is sound and award damages to Plaintiff. There is no allegation sufficient to sustain this cause of action because the claim is brought pro se, which is not permitted for a qui tam action, nor was Plaintiff's action brought as a

realtor acting on behalf of the Federal government. As the complaint does not establish Plaintiff may bring a False Claims Action, it must be dismissed with prejudice.

### G. RICO claim must be dismissed

Plaintiff, without supporting legal authority, argues it is unnecessary for multiple victims to exist to establish a RICO violation. However, as argued previously, an alleged scheme targeted towards one victim cannot be a "pattern of racketeering activity," even if the alleged scheme required several acts of mail and wire fraud to inflict the injury. *Slaney v. The Int'l Amateur Athletic Fed'n*, 244 F.3d 580, 599 (7th Cir. 2001); *Ashland Oil, Inc. v. Arnett,* 875 F.2d 1271, 1278-79 (7th Cir. 1989); *Lipin Enterprises, Inc. v. Lee,* 803 F.2d 322, 324 (7th Cir. 1986) (multiple acts of mail fraud in furtherance of a single episode of fraud involving one victim and relating to one basic transaction cannot constitute the necessary pattern). Plaintiff's argument effectively concedes, the complaint does not allege multiple victims and as such, Plaintiff cannot establish a pattern of racketeering and the action must be dismissed.

### III. The Circuit Court of Cook County has jurisdiction per the *Colorado River* Doctrine.

Plaintiff does not dispute that factors of the *Colorado River* doctrine should be applied. Plaintiff argues that this court should find Plaintiff's claims against Pierce, all of which fundamentally relate to the foreclosure action in state court, should be heard in federal court. If this Honorable Court were to rule in Plaintiff's favor, such would result in piecemeal litigation, and could lead to inconsistent findings.

Plaintiff does not address the argument that he can raise any of the claims regarding the ability to complete the foreclosure in the foreclosure case. Knopp could raise claims for violation of Federal Civil Rights under Section 1983 in state court as well. As the state court is capable of resolving all of the claims presented by Plaintiff, the facts support a finding of "exceptional

circumstances" to justify this court to surrender its jurisdiction over this matter to the Circuit Court of Cook County. *See Adkins*, 644 F. 3d at 500-501; *see also Guadarrama v. U.S. Dep't of Hous. & Urban Dev.*, 74 F. Supp. 2d 127, 138 (D.P.R. 1999) (eviction action and an action challenging the legality of that action must be brought in the eviction action).

Wherefore, Defendant requests that this Court dismiss Plaintiff's Complaint pursuant to Federal Rules of Civil Procedure 12(b)(6) or, in the alterative, transferred to the Circuit Court of Cook County for further proceedings pursuant to the *Colorado River* doctrine.

### CONCLUSION

Plaintiff's Complaint should be dismissed as time-barred. Plaintiff's Complaint must be dismissed with prejudice for failure to state causes of action upon which relief can be granted. In the alternative, if the claims are not outright dismissed, they should be transferred to the Circuit Court of Cook County for further proceedings pursuant to the *Colorado River* doctrine.

To the extent that this Court may construe any claim not identified above is directed towards Pierce, Pierce requests additional time to respond to such claims.

WHEREFORE, Defendant, Pierce & Associates, P.C., respectfully requests that the Court dismiss Plaintiff's Complaint, with prejudice, or in the alternative for this Court to transfer the proceedings to the Circuit Court of Cook County for adjudication with the underlying foreclosure action and for whatever other relief this Court deems equitable and just.

              Respectfully submitted,

         By: /s/Brian R. Merfeld
             PIERCE & ASSOCIATES, P.C.

Brian R. Merfeld (brian.merfeld@pierceservices.com)
ARDC No. 6280615
PIERCE & ASSOCIATES, P.C.
Attorney for Defendant, Pierce & Associates, P.C.
1 N. Dearborn, Suite 1300
Chicago, IL 60602
312-346-9088
PA 16-00440